IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

TOMAS LUIS COLLAZO HEREDIA

ARILYN COTTO CORDERO

XXX-XX-8788

XXX-XX-5272

Debtor(s)

CASE NO. 10-06495 BKT

Chapter 13

FILED & ENTERED ON 06/09/2011

OPINION AND ORDER

This proceeding is before the Court upon the United States Trustee's Position and Answer to Order at Docket #27 [Dkt. No. 28]; the Debtors' Reply to United States Trustee's Answer to Order at Docket #27 [Dkt. No. 32]; and the Debtors' Motion for Voluntary Dismissal [Dkt. No. 42].

I. FACTUAL BACKGROUND

The Debtors have made only one of eight payments currently due under the plan. Since August 2002, Debtors have filed four bankruptcy cases (including the present case) in the District of Puerto Rico, all of which have been dismissed for failure to make plan payments. The United States Trustee requests that the granting of the Debtors' voluntary dismissal be conditioned upon a bar to re-file to prevent abuse of the bankruptcy process. This Court agrees.

II. LEGAL ANALYSIS AND DISCUSSION

Bankruptcy courts have authority to dismiss bankruptcy cases and bar a debtor from re-filing. 11 U.S.C.A. § 349(a). In an effort to prevent abuse of the bankruptcy system, several bankruptcy courts have barred debtors who have

filed multiple cases in bad faith from re-filing. See In re Price, 304 B.R. 769, 774 (Bankr. N.D. Ohio 2004) (imposing a 360-day bar on a debtor who filed six petitions in six years, in conjunction with non-debtor spouse, to prevent mortgage holder from foreclosing on property); In re Craighead, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007) (imposing a three-year bar on debtor after finding that the six filings by debtor and the sixteen filings by family members of debtor were filed in a bad-faith attempt to avoid foreclosure); In re Gonzalez-Ruiz, 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006) (upholding bankruptcy court's authority both to dismiss debtors' fourth successive Chapter 13 case, and to bar debtor from re-filing for 180 days for lack of good faith).

The majority of bankruptcy courts use a "totality of the circumstances" test to determine whether a Chapter 13 petition has been filed in bad faith, evaluating six factors: (1) the debtor's accuracy in stating his debts and expenses, (2) the debtor's honesty in the bankruptcy process, including whether he or she has made any misrepresentations to the court, (3) whether the Bankruptcy Code is being unfairly manipulated, (4) the type of debt sought to be discharged, (5) whether the debt would be dischargeable in a Chapter 7, and (6) the debtor's motivation and sincerity in seeking Chapter 13 relief. Gonzalez-Ruiz at 383. The final factor is particularly relevant to this case, as the Debtors have a history of failing to make plan payments, raising concern as to their motivation and sincerity in seeking Chapter 13 relief. To prevent further abuse of the bankruptcy process, this Court adopts the United States Trustee's position in Dkt. No. 28 conditions its dismissal of the Debtors' current case on a bar to re-file a bankruptcy petition in any jurisdiction for two (2) years.

In accordance with the abovementioned, this Court GRANTS the Debtors' motion for voluntary dismissal [Dkt. No. 42], and adopts the United States Trustee's position and therefore impose a bar to re-file another bankruptcy petition in any jurisdiction for two (2) years.

**SO ORDERED.**

San Juan, this 09 day of June, 2011.

/s/Brian K. Tester
U.S. Bankruptcy Judge